**UNITED STATES DISTRICT COURT**

**DISTRICT OF MINNESOTA**

UNITED STATES OF AMERICA,

Plaintiff,

v.

NABIL HAMADEH ABUMAYYALEH,

Defendant.

Criminal No. 05-425 (JRT/JJG)

**MEMORANDUM OPINION AND ORDER DENYING MOTION FOR JUDGMENT OF ACQUITTAL OR, IN THE ALTERNATIVE, A NEW TRIAL**

Elizabeth C. Peterson and LeeAnn K. Bell, Assistant United States Attorneys, **OFFICE OF THE UNITED STATES ATTORNEY**, 600 United States Courthouse, 300 South Fourth Street, Minneapolis, MN 55415, for plaintiff.

Howard I. Bass, **BASS & PECK, PLLC**, 14101 Southcross Drive West, Suite 100, Burnsville, MN 55337, for defendant.

Defendant Nabil Hamadeh Abumayyaleh has filed a motion for judgment of acquittal or, in the alternative, a new trial. On July 14, 2006, a jury returned a guilty verdict against defendant and he was convicted of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). For the reasons explained below, the Court denies defendant's motion.

## ANALYSIS

### I. STANDARDS OF REVIEW

Federal Rule of Criminal Procedure 29 permits the Court to enter a judgment of acquittal if the evidence is insufficient to sustain the conviction. Fed. R. Crim. P. 29.

However, the standard for determining whether evidence is insufficient is very strict, requiring that there be "no interpretation of the evidence that would allow a reasonable jury to find the defendant guilty beyond a reasonable doubt." *United States v. Gomez*, 165 F.3d 650, 654 (8th Cir. 1999). In other words "[t]he jury's verdict must be upheld if there is an interpretation of the evidence that would allow a reasonable jury to find the defendant guilty beyond a reasonable doubt." *United States v. Moore*, 108 F.3d 878, 881 (8th Cir. 1997).

Federal Rule of Criminal Procedure 33 permits the Court to grant a new trial "if the interests of justice so require." Fed. R. Crim. P. 33. The Court has "broad discretion in ruling upon a motion for new trial," *United States v. Bennett*, 956 F.2d 1476, 1481 (8th Cir. 1992), but a motion should be granted only "sparingly and with caution." *United States v. Dodd*, 391 F.3d 930, 934 (8th Cir. 2004).

## II. DENIAL OF DEFENDANT'S SUPPRESSION MOTIONS

Defendant first claims that the Court erred in denying defendant's motion to suppress evidence seized pursuant to the execution of a search warrant at Crystal Foods. In an Order dated May 26, 2006, the Court considered defendant's suppression motion and concluded that it must be denied. Specifically, the Court found the search warrant provided sufficient information to support a finding of probable cause to search defendant's business and that seizure of the firearms and ammunition was permissible under the plain view doctrine. The Court finds no reason to reconsider its ruling.

## III. ENTRAPMENT

Defendant claims that the evidence demonstrated he was entrapped as a matter of law. The court may find entrapment as a matter of law and enter a judgment of acquittal when the evidence clearly establishes the existence of the elements of entrapment. *United States v. Aikens*, 64 F.3d 372, 374 (8th Cir. 1995). More specifically, the court must consider whether the evidence clearly demonstrates that a government agent originated the criminal design, implanted the disposition to commit the crime in the mind of an innocent person, and then induced the commission of the crime. *Id.* at 375. Here, the jury was reasonable to conclude that defendant was predisposed to possessing the firearms because there was evidence that he made statements indicating that he possessed firearms and expressed a desire for the undercover officer to obtain firearms for him.

## IV. KNOWING POSSESSION OF THE FIREARMS

Defendant next argues that the evidence at trial was insufficient as a matter of law to prove defendant knowingly possessed the three guns found pursuant to execution of the search warrant at Crystal Foods. The Court concludes that the evidence was sufficient to prove knowing possession of the firearms. Evidence was presented that defendant was the manager and primary worker at Crystal Foods, and that important documents in defendant's name were found near the firearms in the desk and small office space in the store.

## V. COMPLIANCE WITH GUIDELINES ON UNDERCOVER OPERATIONS

Defendant argues that the government failed to comply with the Attorney General's Guidelines on FBI Undercover Operations and that this failure amounts to outrageous governmental conduct that violated defendant's right to due process under the Fifth Amendment. To succeed on the defense of outrageous governmental conduct, the government must have engaged in behavior that violates "fundamental fairness" and is "shocking to the universal sense of justice." *United States v. Russell*, 411 U.S. 423, 432 (1973).

Defendant appears to be arguing that the contacts with the undercover officer that occurred prior to the final authorization of the undercover operation violated Attorney General's Guidelines on FBI Undercover Operations. The Court is not persuaded that the government violated the Guidelines by engaging in these preliminary contacts, but even if the behavior does violate the Guidelines, the Court concludes that the behavior was not so outrageous or fundamentally unfair as to bar defendant's conviction.

## VI. ADMISSION OF PRIOR FIREARM CONVICTIONS

Defendant also claims that the Court erred in admitting evidence of defendant's 1994 conviction for receiving stolen property and his 1995 conviction for removal of a firearm serial number. Defendant first asserts that evidence of the convictions was unduly prejudicial. The Court determined that the convictions were highly probative of his predisposition to commit the instant offense. Indeed, where a defendant places his predisposition in issue by asserting a defense of entrapment, evidence of prior similar

convictions is admissible to demonstrate such predisposition. *See United States v. Beissel*, 901 F.2d 1467, 1469 (8th Cir. 1990). Both of these convictions involved defendant's possession of a .380, which is one of the types of firearms defendant is charged with possessing in this case. Moreover, that defendant possessed a firearm in 1995 in violation of his 1994 conviction probation conditions is also highly probative of defendant's predisposition to possess a firearm notwithstanding his status as a felon.

Defendant further argues that both convictions were too remote in time to be probative of his predisposition for the instant offense. When considering proximity in time, the Eighth Circuit "applies a standard of reasonableness, as opposed to a standard comprising an absolute number of years." *United States v. Green*, 151 F.3d 1111, 1113 (8th Cir. 1998). While a ten-year period has served as a guide for courts to use in weighing the relevancy of a conviction, the fact that a conviction is more than ten years old is not an absolute bar. *See, e.g.*, *United States v. Strong*, 415 F.3d 902, 905 (8th Cir. 2005) (evidence of sixteen-year-old conviction for being a felon in possession admissible to show knowledge and intent). While it posed a relatively close call, the convictions were not too remote in time and the Court finds that there was no error in admitting the prior convictions as probative of defendant's predisposition.

## VII. COMPOSITION OF THE JURY VENIRE

Defendant also argues that the absence of any persons of color on his jury venire violated his Sixth Amendment right to a jury drawn from a fair cross section of the community, and his Fifth Amendment rights to due process and equal protection of the

law. A defendant has a right to be tried by a jury whose members were selected by nondiscriminatory criteria. *Powers v. Ohio*, 499 U.S. 400, 403 (1991). Further, a defendant is entitled to an "impartial jury drawn from a fair cross section of the community." *United States v. Thompson*, 450 F.3d 840, 843 (8th Cir. 2006). A violation of this right, however, requires a showing that the allegedly excluded group is underrepresented on juries due to systematic exclusion. *Id*. Defendant has made no allegations that the selection of jurors was discriminatory or that there was a systematic pattern of exclusion of any group, and any such allegations would have been groundless. The composition of the jury venire does not provide grounds for acquittal or a new trial.

## VIII. OTHER CLAIMS MADE BY DEFENDANT

Finally, defendant claims that the verdict is contrary to the weight of the evidence, not supported by substantial evidence, contrary to law, and that the interests of justice require a new trial. Defendant offers no explanation as to the grounds for these claims. The Court has assessed the evidence presented at trial and continues to conclude that the evidence would allow a reasonable jury to find the defendant guilty beyond a reasonable doubt. The Court finds no basis that entitles defendant to acquittal or a new trial. As such, the Court denies defendant's motion.

## ORDER

Based on the foregoing, all of the records, files and proceedings herein, **IT IS HEREBY ORDERED** that defendant's motion for judgment of acquittal or, in the alternative, a new trial [Docket No. 54] is **DENIED**.

DATED: December 13, 2006
at Minneapolis, Minnesota.

s/ John R. Tunheim
JOHN R. TUNHEIM
United States District Judge